UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PREDARICKA MENDEZ-LOPEZ,                    Civ. Action No: 24-cv-6902

               Plaintiff,                    **COMPLAINT AND**
                                                **JURY DEMAND (VERIFIED)**

              -against-

SHAUN MICHAEL MARKS,

               Defendant.
----------------------------------------------------------X

Plaintiff, PREDARICKA MENDEZ-LOPEZ (herein "Plaintiff") by her attorneys, The Linden Law Group, P.C., as and for her complaint against the Defendant SHAUN MARKS, ("Defendant"), alleges as follows:

## JURISDICTION AND PARTIES

1. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds the sum of $75,000 and the parties are citizens of different states.

2. The venue of this action is proper in this judicial district because the Defendant is subject to personal jurisdiction within this District, pursuant to 28 U.S.C. §1391(b).

3. Plaintiff is a natural person over eighteen years of age and is a citizen of the State of Maryland.

4. Upon information and belief, Defendant is a natural person and is a citizen of the State and City of New York, County of Chemung.

## FACTS

5. In September, 2022, Plaintiff met Shaun Marks on a family vacation through close family friends. The two discussed Plaintiff investing in real estate, and began the process in

November, 2022. Plaintiff went forward with a home equity line of credit on her home to finance the purchase based upon Defendant's representations to her.

6. Upon information and belief, Defendant is widely known as an experienced real estate investor and held himself out as such to Plaintiff in order to induce her into investing with him.

7. As the parties agreed in both November, 2022, and again in January, 2023, Plaintiff travelled to Elmira, New York to visit and view various projects presented to her by Defendant, introducing her to teams of people that purportedly worked for him. Defendant presented Plaintiff with multiple contracts and accounting information.

8. Throughout the process, Plaintiff asked him to share what the parties' agreement would look like, and its terms. However, Defendant was adamant there would be no contract between the parties as to Plaintiff's investment, and that everything would be done in a portal.

9. Defendant's terms required Plaintiff to give $80,000, half for the purchase and half to Defendant's company to "complete the renovations." Defendant would then refinance the property, then return her $80,000 and add an additional $40,000 profit into the portal. The timeframe was to be six (6) months from the date Defendant received payment for the expected return.

10. In March, 2023, Plaintiff expressed extreme concern about the security of her money and Defendant's utter lack of clarity with her, and she sent a detailed text to him stating her concern.

11. In response to that text, Defendant represented that the investment he proposed to Plaintiff was "fool proof"; that he had done "hundreds" of such deals, and her investment was safe and the promised return was virtually guaranteed.

12. Based upon his multiple misrepresentations, Plaintiff closed on the HELOC in early April, 2023, and within 5 days Plaintiff wired him the agreed funds.

13. Upon Plaintiff's information and belief, Defendant acquired the subject property, and his construction crew started work.

14. In June or July, 2023, things started to go downhill. At that point, Defendant inexplicably verbally abused Plaintiff by phone and in text messages. After that, Plaintiff discontinued friendly conversation with Defendant.

15. In September, 2023, upon information and belief, Defendant rented the subject property out for a monthly rent of $1,400.

16. After repeated requests from Plaintiff, from December, 2023 through March, 2024, Defendant relented and paid Plaintiff $1,500 for the purpose of paying the interest on her HELOC she took out for the down payment. Defendant paid nothing further to Plaintiff after March, 2024.

17. For Plaintiff's part, her dependence on good credit is particularly important due to the sensitive nature of her employment.

18. In January, 2024, the parties communicated with Defendant acknowledging Plaintiff's HELOC for the down payment. Since March, 2024, Defendant sent no further payment.

19. It was in March, 2024 that plaintiff understood that she had been defrauded by Defendant.

## COUNT 1
### *Fraudulent Inducement, Concealment and False Pretenses*

20. Plaintiff repeats, realleges, and fully incorporates each of the allegations in the above

3

paragraphs.

21. At the time the above representations were made by Defendant to Plaintiff as to *inter alia* her investment, the real property at issue, the due diligence of the Defendant and the solvency, the Defendant was aware that his representations were false.

22. Plaintiff reasonably relied on the aforesaid representations in both transferring her funds and the investment originally proposed by Defendant.

23. Plaintiff would not have given money and her later agreements had she been aware of the actual facts, actively concealed by Defendant.

24. As hereinbefore alleged, Defendant induced Plaintiff to invest based upon his multiple representations.

25. The said representations were known by Defendant to have been false.

26. As a result of the aforesaid fraudulent representations, concealments and false pretenses to Plaintiff, she has been damaged in amounts to be determined at trial.

## COUNT II
### *Breach of Fiduciary Duty*

27. Plaintiff repeats and realleges each and every allegation above and incorporates same herein.

28. Defendant had a fiduciary duty based upon a partnership relationship proposed.

29. Though duly demanded, Defendant had the duty and refuse to return funds to plaintiff.

30. Defendant's refusal to return said funds was a breach of fiduciary duty.

## COUNT III
### *Breach of Implied Covenant of Good Faith and Fair Dealing*

31. Plaintiff repeats and realleges each and every allegation above and incorporates same as if fully set forth herein.

32. Defendant was under an obligation to deal fairly with the Plaintiff and in good faith at all times relevant herein both before and after his transactions with Plaintiff. Defendant instead conducted himself so as to specifically damage or deny Plaintiff's the return of her funds.

33. As such, Defendant willfully or negligently breached a covenant to Plaintiff in so acting.

34. Plaintiff has suffered damages proximately related to Defendant's breach of his implied covenant of good faith and fair dealing.

35. Plaintiff suffered actual and compensatory damages from Defendants' breach.

## COUNT IV
### Unjust Enrichment

36. Plaintiff repeats and realleges each and every allegation above and incorporate same herein.

37. This Cause of Action is asserted for restitution of Plaintiff's funds based upon common law unjust enrichment.

38. Plaintiff conferred the benefit of her funds on Defendant.

39. By unjustly retaining Plaintiff's funds, Defendant was unjustly enriched.

40. Defendant obtained the benefit of plaintiff's money and did not return said funds, though duly demanded.

## COUNT V
### Accounting

41. By virtue of the proposed agreement between the parties and under New York law, and by Defendant's aforementioned wrongful acts, Plaintiff demands a full, unfettered and timely accounting for all transactions and/or monies collected and expended by Defendant in the transactions stated herein.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, for actual,

consequential, incidental damages and punitive damages as follows:

i. Actual and compensatory damages in excess of the sum of ONE HUNDRED TWENTY THOUSAND DOLLARS ($120,000);

ii. Consequential damages in an amount to be determined at trial;

iii. Punitive damages in an amount to be determined at trial but in the amount of at least THREE HUNDRED SIXTY THOUSAND DOLLARS ($360,000), for the willful and morally reprehensible conduct pursuant to the fraud causes of action;

iv. An full and accurate accounting of the handling of Plaintiff's funds;

v. Interest, costs, and disbursements;

vi. Such other relief as the court may deem just proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: New York, New York
September 12, 2024

THE LINDEN LAW GROUP, P.C.

*Jeffrey Benjamin*

By: Jeffrey Benjamin, Esq.
Attorneys for Plaintiff
250 Park Avenue, 7th Floor
New York, New York 10177
(212) 655-9536

## VERIFICATION

STATE OF MARYLAND            )
                             :ss
COUNTY OF PRINCE GEORGE'S )

PREDARICKA MENDEZ-LOPEZ being duly sworn, depose and say:

That deponent is the Plaintiff herein; deponent has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof: that the allegations are true and accurate to the best of the deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes to be true.

_____ 9/10/24
PREDARICKA MENDEZ-LOPEZ